UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-CV-99-CDL |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

I. **Background**

In an Opinion and Order entered September 19, 2022 (Doc. 24), the Court determined that the Administrative Law Judge (ALJ) "did not adequately support the ALJ's finding of materiality as to plaintiff's alcohol use during the relevant period" and therefore, the decision finding plaintiff not disabled was reversed and remanded for further proceedings. (Doc. 24 at 15). The reversal and remand was premised largely on the Tenth Circuit's decision in *Salazar v. Barnhart,* 468 F.3d 615, 622-23 (10th Cir. 2006) and the main argument in the plaintiff's opening brief. (*See* Doc. 24 at 8-12). The Court noted that the ALJ failed to meaningfully address the opinions of Dr. Minor Gordon and Dr. James Lee that it was not possible to differentiate what symptoms were attributable to PTSD, severe major depressive disorder, and alcohol abuse. (*Id.* at 10-12).

Plaintiff now moves for fees under the Equal Access to Justice Act (EAJA) (Doc. 26), and the Commissioner objects and argues that the Commissioner's position was

substantially justified such that a fee award is not required (Doc. 27). In the alternative, the Commissioner argues that the amount of fees sought is not reasonable and should be reduced by at least 9.3 attorney hours to account for time that is not properly compensable. (*Id.* at 10-11).

## II.   Legal Standards

Under the EAJA, "a court shall award to a prevailing [plaintiff] fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A). The Commissioner has the "burden of demonstrating that the government's position was substantially justified."  *Lopez v. Berryhill*, 690 F. App'x 613, 613 (10th Cir. 2017) (citing *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988)).

The Commissioner's position was "substantially justified" if it was reasonable in law and in fact and "can be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007)). "The government's position can be justified even though it is not correct." (*Id.*) (internal quotation marks and citations omitted). An award of fees under the EAJA is not automatic. *See Hadden*, 851 F.2d at 1269.  However, the Tenth Circuit has held "that EAJA 'fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.'"  *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)).

### III. Analysis

As explained in the Court's Opinion and Order, the ALJ rejected the opinions of Drs. Gordon and Lee—both of whom had examined the plaintiff in connection with an application for veteran's disability benefits—that it is not possible to differentiate which of plaintiff's symptoms are attributable to substance abuse or other mental disorders because the "symptoms are all interrelated." (Doc. 24 at 10 (citing record)). Under *Salazar* and the Commissioner's guidance referenced therein, such evidence tends to show that an individual's substance abuse is not a contributing factor material to the disability determination. Yet, the ALJ's decision did not provide reasons why the ALJ rejected these findings.

Defendant argues that the plaintiff's request for an award of fees under the EAJA should be denied because the Court did not reverse for a reason raised by the plaintiff. (Doc. 27 at 5). The Commissioner's point is not well-taken. The plaintiff's main argument on appeal was that the ALJ's opinion was contrary to authorities including *Salazar*, in light of the ALJ's failure to properly consider the opinions of Drs. Gordon and Lee with respect to whether the plaintiff's alcohol abuse could be differentiated from other psychological symptoms for purposes of making a determination whether the alcohol abuse was material to a disability finding. (*See* Doc. 15 at 3-9).

The Commissioner further asserts that the ALJ's position was justified because there was other evidence explaining why the ALJ found, contrary to the findings of Drs. Lee and Gordon, that alcoholism was material to the finding of disability. (Doc. 27 at 7, citing Tr.

47). However, the Court, applying *Salazar* and authorities requiring that the Commissioner evaluate significantly probative evidence, determined otherwise and expressly noted the ALJ's failure to properly address the contrary opinions was a basis for remand for proper consideration.

The Court finds that the Commissioner has not satisfied the agency's burden to show that its position was substantially justified. The ALJ did not conduct the analysis required under the Commissioner's own regulatory scheme and applicable Tenth Circuit authority.

Upon consideration of the motion, the Commissioner's response, the ALJ's decision, the parties' briefing, the September 19, 2022 Opinion and Order, and the legal standards applicable to motions for EAJA fees, the Court finds that an award of fees is required because the government's position was not substantially justified, and there are no special circumstances that make an award unjust in this case. *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hackett*, 475 F.3d at 1174. Judgment was entered in favor of the plaintiff, and the matter was reversed and remanded, because the ALJ did not conduct a proper analysis with respect to materiality of alcohol abuse to the ALJ's disability determination.

However, only reasonable fees may be awarded under the EAJA. 28 U.S.C. § 2412(d)(2)(A). The plaintiff initially requested total fees in the amount of $11,881.90. However, in her reply brief, the plaintiff agreed that certain charges in the billing statements were not properly chargeable and reduced her fee request by 10.3 hours, for a total fee sought of $8,458.40. (Doc. 28 at 5). The plaintiff also requested an additional 2 hours for

filing the reply brief on the fee motion (*see* Doc. 28 at 5), but the Court finds that, in light of the fact that the original fee motion included a request for certain fees that should not have been sought, the Commissioner's challenge to reasonableness of fees in its response was appropriate. Thus, the response was not the cause of plaintiff having to file a reply to correct the previous total fees which should not have been included in the original motion. The 10.3 hour reduction corresponds to entries at lines 50-60 and 62-63 of the plaintiff's fee motion (Doc. 26-1 at 4), and the Court finds that those reductions are appropriate.

Accordingly, having viewed the fee billings in this case and the parties' arguments regarding reasonableness, the Court finds that a total fee in the amount of $8,458.40 is appropriately awarded and consistent with the EAJA.

### IV.    Conclusion

For the foregoing reasons, the plaintiff's request for EAJA fees (Doc. 26) is **granted in part**. Plaintiff is awarded EAJA attorney fees in the amount of $8,458.40, which shall be made payable to the plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 591-94 (2010). Further, if plaintiff's counsel is paid from the EAJA fees and is also ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b)(1), counsel should refund the smaller of the EAJA award or the § 406(b) award to plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 22nd day of September, 2023.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge